## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br><br><br>DANIEL RUFO and JANE RUFO,<br><br>PLAINTIFFS,<br><br>v.<br><br>HOWMEDICA OSTEONICS CORP.<br><br>DEFENDANTS. | **MDL No. 17-md-2768-IT**<br><br>Case No.  1:20-cv-10134<br><br><br>**SHORT FORM COMPLAINT AND JURY DEMAND** |

1.      Plaintiffs, Daniel Rufo and Jane Rufo, state and bring this civil action in MDL No. 2768, entitled *In Re: Stryker LFIT V40 Femoral Head Products Liability Litigation*.  Plaintiffs are filing this Short Form Complaint as permitted by this Court's Amended Case Management Order #2, dated October 23, 2017.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff, Daniel Rufo, is a resident and citizen of the State of Florida and claims damages as set forth below.

3.      Plaintiff's Spouse, Jane Rufo, is a resident and citizen of the State of

Florida, and claims damages as set forth below.

4. Venue of this case is appropriate in the United States District Court, Middle District of Florida. Plaintiff states that but for the Order permitting directly filing into the District of Massachusetts pursuant to Pretrial Order No. 2, Plaintiff would have filed in the United States District Court, Middle District of Florida. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5. Plaintiff brings this action *[check the applicable designation]*:

__X__   On behalf of himself;

_____   ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~   *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

Allegations as to **Left** Implant/Explant Surgery(ies):

6. Plaintiff was implanted with an LFIT Anatomic CoCr V40 Femoral Head on his left hip on or about April 21, 2009 at New England Baptist Hospital in Boston, Massachusetts, by Dr. Robert Miegel.

7. Plaintiff was implanted implanted with the following femoral stem during the April 21, 2009 surgery:

___X___        Accolade TMZF

_____        Accolade II

_____        Other _____(Femoral Stem)

8. Plaintiff had the femoral head at issue explanted on July 29, 2019 at Sarasota Memorial Hospital in Sarasota, Florida by Dr. Edward Stolarski.

## ALLEGATIONS AS TO INJURIES

9. (a) Plaintiff claims damages as a result of (check all that are applicable):

__X___                INJURY TO HERSELF/HIMSELF

_____                INJURY TO THE PERSON REPRESENTED

_____                WRONGFUL DEATH

_____                SURVIVORSHIP ACTION

__X___                ECONOMIC LOSS

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable):

__X___                LOSS OF SERVICES

__X___                LOSS OF CONSORTIUM

10. Plaintiff has suffered injuries as a result of implantation of the Device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

11. Plaintiff has suffered injuries as a result of the explantation of the Device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated

Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiffs.

13. Plaintiffs could not have known that the injuries he/she suffered were as a result of a defect in the Device at issue until after the date the Device was recalled from the market and the Plaintiffs came to learn of the recall.

14. In addition, Plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device at issue.

## CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

15. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

    __X__    COUNT I - NEGLIGENCE;

    __X__    COUNT II - NEGLIGENCE PER SE;

    __X__    COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    __X__    COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    __X__    COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

    __X__    COUNT VI - BREACH OF EXPRESS WARRANTY;

   __X___        COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

   __X___        COUNT VIII - BREACH OF IMPLIED WARRANTIES;

   __X___        COUNT IX - VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT

   __X___        COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

   __X___        COUNT XI - NEGLIGENT MISREPRESENTATION

   __X___        COUNT XII - LOSS OF CONSORTIUM

   __X___        COUNT XIII – UNJUST ENRICHMENT

   _____        COUNT XIV – WRONGFUL DEATH

   __X___        COUNT XV- PUNITIVE DAMAGES

In addition to the above, Plaintiffs assert the following additional causes of action under applicable state law:

_____

_____

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Date: January 23, 2020                    Respectfully submitted,

**MESHBESHER & SPENCE**

/s/ Ashleigh E. Raso
Ashleigh E. Raso (MN #0393353)
Anthony Nemo (MN #221351)
Andrew L. Davick (MN #332719)
1616 Park Avenue South
Minneapolis, MN 55404
(T) 612-339-9121
(F) 612-339-9121
araso@meshbesher.com
tnemo@meshbesher.com
adavick@meshbesher.com

**Attorneys for Plaintiff**